*37 Opinion of
the Court.
James Matson exhibited his bill against the heirs of Timothy Peyton, deceased, to have specific execution of a contract for the conveyance of 500 acres of land, made by the said Timothy Peyton in his lifetime, with the said Matson; which said contract was reduced to writing in the following words and figures, to wit:
“ I do hereby agree to make Mr. James Matson a deed to 500 acres of land, for the sum of £300 to me in hand paid, as soon as I get my warrant laid. Given under my hand, this 29th May, 1780.
(Signed) Timo. Peyton.”
The bill charges, that it was the real intention, contract and understanding of Peyton and Matson, at the time of the execution of the writing, that the 500 acres was to be part of Peyton’s pre-emption, for which he had obtained a certificate, but which had not then been located with the surveyor.
The defendants, in their answer, admit the writing; do not directly, but only indirectly, deny the intention of the contract to have been as stated by the bill; and set up, by way of avoidance, that Peyton had, in his lifetime, satisfied Matson, by giving him other lands, upon Hinkston.
It is too late to suggest such matters by way of objection to the report of the commissioners appointed to lay off his land; and in dividing the tract and decreeing on the division, neither the commissioners nor the court can attend to any fact which was not in issue between the parties.
Upon the hearing of the cause, the inferior court was of opinion that the complainant had, by proof, sufficiently supported the allegations of his bill, and that the avoidance set up by the defendants in their answer, was not sufficiently proved; and accordingly decreed that the defendants should convey to the complainant, by deed with special warranty, the said 500 acres, part of the pre-emption of Timothy Peyton, deceased, to be laid off as nearly equal, in convenience and quality, to the residue of the tract, as was practicable; and commissioners were appointed, who, with the surveyor, were directed to lay off the land conformably to the interlocutory decree, and to make report, &c.
The commissioners proceeded to make a division, and to lay off the 500 acres agreeably to the interlocutory decree, and made their report thereof to a subsequent term of the court. This report was excepted to by the complainant, because, as is alleged in the exception, there is a surplus in the survey of Peyton’s pre-emption, and the commissioners have included part of that surplus in the 500 acres laid off for the complainant. The court, after argument, sustained the exception, set aside the report of the commissioners, and recommitted the laying off the land to them again, with directions to lay down Peyton’s pre-emption in a square, with lines to the cardinal points, including the improvement in the centre thereof; and when so laid down, to lay off, mark and bound for the complainant 500 acres of what land shall be included, both in the pre-emption when so laid down, and the survey on which the patent issued, making the 500 acres so laid off, of equal quality, as nearly as can be, to the remainder; and to make report, &c.
A report was made in obedience to the second decretal order, which was confirmed by the court, and a final decree thereon made, that the defendants should convey, &c. To reverse this decree, the defendants have prosecuted a writ of error with supersedeas, to this court; and the plaintiffs in error have first assigned the general error, that the decree ought to have been for the defendants, and not for the complainant; 2dly, that the decree ought not to have been for the land laid off in the second report; 3dly, that the first report was improperly set aside; 4thly, that there is nothing to warrant the laying down of Peyton’s pre-emption in *39 a square, or the change of the survey as originally made; 5thly, that there should have been a day given for the infant defendants to show cause against the decree, after coming of full age.
Upon the merits, we have no doubt that the circuit court was correct in decreeing to the complainant 500 acres, out of the pre-emption of Timothy Peyton, deceased. The instrument of writing, although imperfect, has a clear allusion to some land warrant of Timothy Peyton’s, out of which the contract was intended to be satisfied. There is no proof in the record, that Peyton then, or at any time after, had any other than his pre-emption warrant; from which it must necessarily be implied, that was the warrant alluded to. But if any ambiguity had existed, on account of his owning, at that time, other warrants, the ambiguity is removed by the evidence in the cause, which proves conclusively that the pre-emption was the tract of land intended, and that Peyton in his lifetime frequently so declared; and the evidence in the cause is by no means sufficient to show that Timothy Peyton had, in his lifetime, satisfied Matson, by giving him other lands upon Hinkston, in lieu thereof, as is pretended by the answers of the defendants.
The second assignment of error depends upon the decision of the third and fourth. They will, therefore, be first considered.
There is no allegation in the bill, that the survey of the pre-emption had been improperly made; that the claim had in any way been mismanaged. Nor is there any allegation that the survey was interfered with by other claims; that there was danger thereby, of any part of it being lost; or that Peyton’s representatives were unable to make a good title to the whole, or any part of the land included in the pre-emption survey, which had been a matter of record long anterior to the exhibition of the bill. There is nothing in the record which shows how the pre-emption ought to have been surveyed. It is true, the pre-emption entry is filed, which calls to include a remarkable rock-spring, and an improvement made by Crittenden and company. There is no evidence in the cause, relative, either to the existence or identity of these objects; and whether they were together, or asunder, the record affords no information. Without allegation or proof as to these *40 facts, it is inconceivable upon what premises the court below proceeded to direct the pre-emption to be surveyed in a square, with lines to the cardinal points, with the improvement in the centre.
If the complainant had intended making the propriety of the survey a question, he ought to have suggested it in his bill, so as to have put the matter in issue, and so as to have enabled the defendants to make their defence. Not having done so, he had no right to insist upon the matter, at, or after the hearing of the cause.
The second decretal order, or interlocutor, made by the court, in which they direct the manner of surveying Timothy Peyton’s pre-emption, and the directions as to the manner of laying off the 500 acres of land for the complainant, founded thereon, was a proceeding without premises, and must be deemed erroneous; and consequently, the final decree ought not to have been for the land laid off and described in the second report of the commissioners, made in pursuance of that decretal order.
From a comparison of the length of the lines called for in the original plat and certificate of survey, and the first report of the commissioners, it does appear, that the actual boundaries of the claim are larger than those called for in the original survey, by about 20 poles; and consequently, that there is a surplus. And it also appears, that the commissioners had, in their first report, included a part of that surplus. But there being nothing by which it could be determined, either by the court or the commissioners, where that surplus should be thrown off, and it not having been alleged or proved by the complainant, that there were other interfering claims, or that the title to the surplus was net as good as the title to any other part of the tract, there was no reasonable ground for setting aside the first report of the commissioners; and consequently, the interlocutory order and decree, setting aside the first division and report, and directing the manner of surveying the pre-emption as before noticed, and the second report, founded thereon, are erroneous.
It is unnecessary to notice the fifth assignment of error, as the decree must be reversed on other grounds.
It is therefore decreed and ordered, that the final decree made between the parties by the court below, shall be, and the same is hereby reversed and set aside; and *41 it is further decreed and ordered, that the order setting aside the first report and division made by the commissioners, and all the proceedings in the cause subsequent thereto, and consequent thereupon, shall be also reversed, and are hereby set aside. And it is further ordered, that the suit be remanded to the court from whence it came, which said court is hereby directed to enter up a final decree for the complainant, for the 500 acres of land, marked, bounded and laid off for the complainant in and by the first report of the commissioners; but permitting the infants, or such as were so when the former decree was made, to show cause against the decree, if now of age, within a reasonable time, to be limited by the court; and if not of age when the final decree is pronounced, within six months after coming of full age.